```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Michael Durthaler,                :

       Plaintiff,              :

    v.                            :   Case No. 2:10-cv-1068

                                       :   JUDGE EDMUND A. SARGUS, JR.
Accounts Receivable Management,       Magistrate Judge Kemp
Inc.,                             :

       Defendant.              :

## OPINION AND ORDER

    Plaintiff Michael Durthaler brought this action against Defendant Accounts Receivable Performance Management, Inc. alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. ("FDCPA").  Mr. Durthaler filed a motion to amend the complaint, which has been briefed by the parties.  For the reasons that follow, the motion will be granted in part and denied in part.

### I.  Background

    Plaintiff filed this action on November 29, 2010.  On April 13, 2011, the Court issued a Scheduling Order providing that "[a]ny motion to amend the pleadings or to join parties shall be filed by April 22, 2011."

    The parties propounded discovery requests upon one another and served responses to those discovery requests.  On July 18, 2011, in response to one of the discovery requests, Defendant provided voicemail recordings to Mr. Durthaler relating to the alleged debt.  According to Mr. Durthaler's motion, "some of the messages reveal that Defendant's collector(s) would call Plaintiff without providing the disclosures required by 15 U.S.C. §1692e(11) otherwise known as the 'Mini-Miranda'. . .  [and] the

voicemails confirm that Defendant failed to provide written notice required by §1692g in the proper time frame." (See Doc. # 15 at 2.)  On July 27, 2011, approximately three months after the deadline for motions to amend the pleadings, Mr. Durthaler filed a motion for leave to file an amended complaint.  That motion was denied without prejudice for failure to comply with the Local Rules of Court.  On August 1, 2011, he re-filed his motion with a certificate of compliance with the Local Rules.

The initial complaint alleges that Defendant violated §1692d and, specifically, §1692d(5).  The proposed amended complaint seeks to allege additional facts and also to allege violations of three additional sections of the FDCPA.  The new allegations may be summarized as follows:

- First, Mr. Durthaler seeks to add a claim that Defendant violated §1692c(b) "by contacting unauthorized third parties without the prior consent of the consumer . . ." (Doc. # 15-1 at ¶ 23(a).)  This is supported by new allegations that Defendant placed calls to Mr. Durthaler's roommate at a telephone number that did not belong to Mr. Durthaler, that Mr. Durthaler informed Defendant that the number did not belong to him and asked Defendant to stop calling that number, that Defendant again called the number on October 5, 2010, and that Mr. Durthaler then called Defendant a second time to demand that the calls to that number cease. (Id. at ¶¶ 13-16.)
- Second, he seeks to add an allegation setting forth the dates and times of specific calls made by Defendants as further support for his §1692d claim. (Doc. # 15-1 at ¶ 12.)  He also seeks to change two paragraphs so that instead of alleging that Defendant started constantly calling him in July of 2010, he would allege that Defendant began that conduct in "July or August of 2010," and instead of alleging

    that Defendant contacted him "virtually every day," he would allege that Defendant did so "multiple days per week." (<u>Id</u>. at ¶¶ 10-11.)

- Third, he seeks to add a claim that Defendant violated §1692g by failing to send him a written notice within five days of its initial communication with him. (Doc. # 15-1 at ¶ 23(d).) This is supported by new allegations that Defendant's "Dunning Letter" was returned to Defendant, that Defendant admitted it had the wrong address in its system, and that it did not resend a collection letter until more than five days after calling Mr. Durthaler to try to collect a debt. (<u>Id</u>. at ¶¶ 17-20.)
- Fourth, he seeks to add a claim that Defendant violated §1692e(11) by failing to disclose in subsequent communications that the communication was from a debt collector. (Doc. # 15-1 at ¶ 23(e).) In conjunction with this allegation, he adds new allegations of two specific dates upon which Defendant left a voicemail for Mr. Durthaler without indicating that it was attempting to collect a debt. (<u>Id</u>. at ¶¶ 21-22.)

    Pursuant to the Scheduling Order, discovery was due to be completed on September 30, 2011 and dispositive motions are due on November 15, 2011. No trial date has been set.

## II.  <u>Standard</u>

    Although motions to amend are evaluated under the standards in Fed. R. Civ. P. 15(a), which states that leave to amend shall be given freely when justice so requires, that rule cannot be read in isolation. Rather, as the Court of Appeals pointed out in <u>Leary v. Daeschner</u>, 349 F.3d 888 (6th Cir. 2003), Rules 15(a) and 16(b) must be read together. Consequently, the Court is permitted to examine the standard factors governing amendments of the complaints under Rule 15(a) only if it is satisfied that any

-3-

prior date for the filing of a motion for leave to amend either has been met or is properly extended under the good cause provisions of Rule 16(b).

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, inter alia, file motions, identify expert witnesses, and complete discovery.  The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198.  In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995); see also Fed. R. Civ. P. 16, 1983 advisory committee's notes.  The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v.

Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002).  The Court of Appeals has made it clear that this standard applies to any deadline set in a Rule 16 order, such as a date by which motions to amend the pleadings must be made (see Inge, supra), a discovery cutoff date (see Commerce Benefits Group v. McKesson Corp., 326 Fed. Appx. 2369 (6th Cir. May 20, 2009)), or a date for filing summary judgment motions (see Andretti v. Borla Performance Industries, 426 F.3d 824 (6th Cir. 2005)).  It is with these standards in mind that the instant motion will be decided.

### III.  Discussion

In considering whether Mr. Durthaler has shown good cause for modifying the deadline to amend the complaint, the Court will examine the different subjects of the proposed amendments in turn.

First, Mr. Durthaler seeks to add a claim that Defendant violated §1692c(b) "by contacting unauthorized third parties without the prior consent of the consumer . . ."  This is supported by new allegations that Defendant placed calls to Mr. Durthaler's roommate at a telephone number that did not belong to Mr. Durthaler, and that Defendant called the number after Mr. Durthaler informed Defendant that the number did not belong to him and asked Defendant to stop calling that number.  Mr. Durthaler has not set forth any reason why these allegations could not have been raised in the initial complaint, much less before the deadline for filing a motion to amend the complaint.  Indeed, if the allegations are to be believed, he had knowledge of Defendant's actions as early as October 5, 2010, which was more than a month before he filed his complaint.  Further, because these allegations set forth a new statutory violation involving a non-party not identified in the initial complaint, and because the close of discovery has passed, Defendant could be

prejudiced by the amendment of the complaint to add these claims. There is no showing of good cause sufficient to permit modifying the scheduling order to add these allegations.

Second, Mr. Durthaler seeks to add an allegation setting forth specific facts relating to his claims that Defendant violated §1692d and seeks to change the wording of two allegations relating to that violation.  He does not specifically address the reason that these amendments could not have been made prior to the deadline for filing a motion to amend, so it is unclear whether these changes were based on discovery provided after the deadline.  Further, Mr. Durthaler has not made a showing of good cause for extending the deadline in order to modify slightly the language of two paragraphs and add another that does nothing more than provide dates and times relating to his original allegations.  Given that Defendant answered the original claim rather than filing a motion to dismiss, Mr. Durthaler did not need to rely upon the pleadings to keep his §1692d claim alive, but rather may point to the evidence adduced in discovery should a summary judgment motion be directed to this claim.  Accordingly, although this amendment does not prejudice Defendant, Mr. Durthaler has failed to demonstrate good cause for granting leave to amend the complaint after the deadline in order to add or modify these allegations.

Third, Mr. Durthaler seeks to add a claim that Defendant violated §1692g by failing to send him a written notice within five days of the initial communication with him.  (Doc. # 15-1 at ¶ 23(d).)  Mr. Durthaler asserts that on July 18, 2011, after the deadline for filing a motion to amend had passed, Defendant produced voicemail recordings that "confirm that Defendant failed to provide written notice required by §1692g in the proper time frame."  That explanation does not demonstrate that despite due diligence Mr. Durthaler could not have reasonably met the

scheduled deadlines.  Rather, if his allegations are to be believed, he knew when Defendant initially contacted him and he knew when he received a written notice.  Discovery providing <u>confirmation</u> of facts does not provide good cause for modifying a scheduling order.  Furthermore, because discovery has closed, Defendant could be prejudiced by the amendment of the complaint to add these claims.  Mr. Durthaler has not demonstrated good cause for modifying the scheduling order to add these allegations.

    Fourth, Mr. Durthaler seeks to add a claim that Defendant violated §1692e(11) by failing to disclose in certain communications that the communications were from a debt collector.  Mr. Durthaler asserts that on July 18, 2011, after the deadline for filing a motion to amend, Defendant produced voicemail recordings that "reveal that Defendant's collector(s) would call Plaintiff without providing the disclosures required by 15 U.S.C. §1692e(11) otherwise known as the 'Mini-Miranda.'"  It is conceivable that Mr. Durthaler did not listen to or retain copies of these voicemails and that he did not learn of the alleged violation until he received the voicemails through discovery after the deadline to seek leave to amend the pleadings had passed.  Furthermore, unlike the other proposed amendments, this new claim is not likely to require additional discovery because the communications at issue have already been produced and the key issue will be whether, as a matter of law, Defendant failed to disclose that the communications were from a debt collector.  15 U.S.C.A. §1692e(11).  Accordingly, Mr. Durthaler has demonstrated good cause for modifying the scheduling order to add the allegations discussed in this paragraph.

    Defendant argues that it would be futile to amend the complaint to assert allegations of a claimed violation of §1692e(11).  There is some conceptual difficulty presented when

the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, *i.e.* that it fails to state a claim upon which relief can be granted.  A Magistrate Judge cannot ordinarily rule on a motion to dismiss, see 28 U.S.C. §636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim.

At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss.  Even a District Judge may choose to adopt this approach: "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 715 F. Supp. 578, 581 (S.D.N.Y. 1989).  Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

Here, Mr. Durthaler has made one allegation that is arguably sufficient to support a claim that Defendant violated §1692e(11). Defendant argues that the new allegations fail to state a claim because they do not relate to the initial communication. However, this ignores the second part of §1692e(11).  Section 1692e states that the following conduct is a violation of that section:

> The failure to disclose in the initial written
> communication with the consumer and, in addition, if
> the initial communication with the consumer is oral, in

> that initial oral communication, that the debt
> collector is attempting to collect a debt and that any
> information obtained will be used for that purpose, <u>and
> the failure to disclose in subsequent communications
> that the communication is from a debt collector</u>, except
> that this paragraph shall not apply to a formal
> pleading made in connection with a legal action.

15 U.S.C.A. §1692e(11) (emphasis added).  While Defendant is correct that Mr. Durthaler's proposed amendments do not allege the violation of §1692e(11) in connection with the initial oral communication, one of the proposed allegations states "Defendant violated §1692e(11) by failing to disclose in <u>subsequent communications</u> that the communication is <u>from a debt collector</u>." (Doc. 15-1 at ¶ 23(e) (emphasis added).)  Given that the allegation in paragraph 23(e) does allege facts supporting a violation of §1692e, and given that Mr. Durthaler presumably will seek to incorporate Exhibit B to demonstrate failure to indicate that a communication is from a debt collector, there is a good faith argument to be made on this question.  Therefore, the Court will allow Mr. Durthaler to amend the complaint to add the allegation contained in paragraph 23(e) of the proposed amended complaint, as well as the exhibit identified as Exhibit B to the proposed amended complaint.

## IV.  Conclusion and Order

For the reasons set forth above, the Court grants in part and denies in part Mr. Durthaler's motion for leave to file an amended complaint (#15).  Mr. Durthaler is granted leave to file, within seven days, an amended complaint that is identical to his initial complaint with the addition of the allegation contained in paragraph 23(e) of the proposed amended complaint as well as the exhibit identified as Exhibit B to the proposed amended complaint.

V.  <u>Procedure for Reconsideration</u>

    Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

    /s/ Terence P. Kemp
    United States Magistrate Judge