**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL DURTHALER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:10-cv-01068-EAS-TPK |
| v. | ) | |
| | ) | |
| ACCOUNTS RECEIVABLE | ) | |
| MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO 15**
**U.S.C. 1692e(11)**

NOW COMES Plaintiff, MICHAEL DURTHALER ("Plaintiff"), by and through his

attorneys, KROHN & MOSS, LTD., and hereby moves this Honorable Court for partial

summary judgment in Plaintiff's favor, and against Defendant, Accounts Receivable

Management, Inc., as to Plaintiff's 15 U.S.C. 1692e(11) claim.  In support of Plaintiff's motion,

Plaintiff states as follows.

**I.      FACTS**

In August of 2010, Defendant began contacting Plaintiff in an attempt to collect a debt

from Plaintiff.  See Affidavit of Plaintiff, attached hereto as Exhibit A.  See also Exhibit A-1.

The debt was for a 2005 Chevrolet Colorado that was voluntarily surrendered to the finance

company after Plaintiff fell behind in the payments.  See Exhibit A.  See also Plaintiff's

deposition transcript, page 38, line 21 through page 43, line 23, attached to Defendant's Motion

for Summary Judgment as Exhibit A. [Docket number 29-1].  The debt is a consumer debt as

Plaintiff originally purchased the vehicle for personal, family, and/or household use.  See

Exhibit A.

Defendant admits to placing telephone calls to Plaintiff from 866-932-6714. See Defendant's Answer to Plaintiff's First Amended Complaint, attached hereto as Exhibit B-1. See also docket number 25. Defendant's Answer to Plaintiff's First Amended Complaint admits that Defendant is a collection company with its headquarters in Thorofare, New Jersey. See Exhibit B-1. Defendant's answer also admits that Defendant is at times a debt collector as defined by the FDCPA. See *Id*. Defendant also admits in its response to Plaintiff's Requests for Admissions that Defendant was attempting to collect an amount from Plaintiff that is expressly authorized by the agreement creating the debt or permitted by law, and that at times it collects debts incurred from personal, family, or household purposes. See Exhibit B-2.

In July of 2011, Defendant forwarded several recordings of communications between Plaintiff and Defendant. Included in those recordings were two instances where Defendant left voicemail messages with Plaintiff. The two voicemails, which will be labeled, "Voicemail Number 1", and "Voicemail Number 2" for clarity, stated as follows:

> **Voicemail Number 1**
> This message is for Michael Durthaler. Please return this call to Linda Stefan at ARM. I could be reached here at 866-932-6714.
>
> **Voicemail Number 2**
> This message is for Michael Durthaler. If you are not Michael Durthaler please hang up and disregard this message now. By continuing to listen to this message you acknowledge that you are Michael Durthaler. This message is for Michael Durthaler. Please return this call to Linda Stefan at ARM. I could be reached here at 866-932-6714.

Neither of the voicemail messages left by ARM indicated that ARM was a debt collector and that they were attempting to collect a debt. See Exhibit B-3.

On July 18, 2011, Defendant's counsel responded to Plaintiff's Rule 37 e-mail dated July 5, 2011 wherein Plaintiff requested supplemental responses to his discovery. The relevant portions of Plaintiff's July 5, 2011 e-mail, attached as Exhibit B-4, stated:

> You raised a bonafide error defenses in this case. Accordingly, you cannot withhold policies and procedures and other such documents if you wish to move forward with this Defense. Unless you are willing to waive bonafide error as a defense, please produce documents responsive to Plaintiff's request for Production numbers 5, 7, and 8, and likewise, please response to Plaintiff's Interrogatories numbers 6, 7, and 14. The information we are requesting is relevant to prove or to disprove a bonafide error defense. We are willing to entertain a reasonable protective order if it will facilitate a proper response.

Defendant's counsel responded by stating, "Defendant will waive the bonafide error defense." Exhibit B-4. Accordingly, on July 18, 2011, Defendant abandoned its bonafide error defense by affirmatively waiving the defense in writing during discovery.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(b). In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). The moving party bears the burden of proving the absence of any triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The non-moving party can defeat a motion for summary judgment by producing evidence "such that a reasonable jury could return a verdict" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.     LAW & ARGUMENT

15 U.S.C. 1692e(11) states, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this

section: (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, **and the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. (Emphasis added).

Additionally, the FDCPA defines "communications" as "the conveying of information regarding a debt **directly or indirectly** to any person through **any medium**." 15 U.S.C. 1692a(2) (emphasis added). Thus, the plain language of the FDCPA makes it clear that any time a collector conveys any information, be it in a letter, email, voicemail or directly speaking with a consumer, it must disclose that the communication is from a debt collector. *See Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104 (E.D. Cal. 2005); *see also Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006) (holding that collector's message left for the consumer merely disclosing itself as "NCO Financial Systems" was insufficient to satisfy disclosure requirement of 1692e(11) because it contained "no other suggestion or clue that the correspondence [was] from a debt collector"). Accordingly, every communication, not just in written letters, must identify a debt collector as such to comply with section 1692e(11).

A.     **THE SIXTH CIRCUIT HAS ADOPTED THE REASONING FOUND IN HOSSEINZADEH AND FOTI**

In *Frey v. Gangwish*, 970 F.2d 1516, (6th Cir. July 21, 1992), the Sixth Circuit reasoned that requiring that all communications include the disclosures of 1692e(11) would further the purpose of the statute by ensuring that even if the first notice is not received by the consumer, subsequent notices would nonetheless provide the consumer with the requisite disclosures. See *Frey v. Gangwish*, 970 F.2d 1516, (6th Cir. July 21, 1992). In *Hicks v. America's Recovery*

*Solutions, LLC*, the Northern District of Ohio rejected Defendant's arguments that the Hosseinzadeh holding should not be followed because of the danger that third parties may overhear messages containing the 1692e(11) disclosures, and adopted the reasoning in Hosseinzadeh.  See *Hicks v. America's Recovery Solutions*, LLC, 2011 WL 4540755, (N.D. Ohio Sept. 29, 2011).

**IV.    CONCLUSION**

Defendant must disclose that they are a debt collector in every communication.  There is no genuine issue of material fact as to whether or not Defendant left voicemail messages that failed to provide this disclosure.  The voicemails were generated by Defendant and forwarded to Plaintiff during discovery and they are noncompliant with 15 U.S.C. 1692e(11).   Since Defendant has affirmatively waived any defense of bonafide error, Plaintiff has proven every element of a claim for violation of the Fair Debt Collection Practices Act with respect to his 1692e(11) claim.  Accordingly, Plaintiff should be granted partial summary judgment against Defendant with respect to this claim.

WHEREFORE, Plaintiff, MICHAEL DURTHALER, respectfully request that this Honorable Court enter an Order granting Plaintiff's motion for partial summary judgment against Defendant, and for any other relief that is appropriate.

Respectfully Submitted,

DATE: November 29, 2011                    By: /s/ Peter Cozmyk_____
                                           Peter Cozmyk, Esq.
                                           Attorney for Plaintiff
                                           Ohio Registration No. 0078862
                                           Krohn & Moss, Ltd.
                                           8043 Corporate Circle,  Suite 3
                                           North Royalton, Ohio 44133
                                           phone: (323) 988-2400 x 213
                                           fax: (866) 799-3206
                                           e-mail: pcozmyk@consumerlawcenter.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Peter Cozmyk, hereby certify that on November 29, 2011, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


By: ___/s/ Peter Cozmyk_____
                 Peter Cozmyk, Esq.
                 Attorney for Plaintiff